FILED ENTERED
LODGED RECEIVED

NOV 01 2002

WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PROCEEDINGS BEFORE THE KOREAN DISTRICT COURT IN THE REPUBLIC OF KOREA, Case No. 2002 Gahap 13488, | NO. C02-2097R<br><br>ORDER GRANTING MOTION FOR LEAVE TO TAKE DISCOVERY |

Before the court is the motion by Pacific Enterprise, R.S. Inc. ("Pacific Enterprise") for leave to take discovery, pursuant to 28 U.S.C. § 1782. Pacific Enterprise is involved in a foreign proceeding in the Busan District Court in the Republic of Korea. Pacific Enterprise initiated an action against Samho Company, Ltd. ("Samho") in July 2002 in Korea, alleging fraudulent conveyance, intentional interference with business relations, and conversion and fraud by Samho. On October 9, 2002, Pacific Enterprise filed a complaint in this district solely for the purpose of seeking leave under Section 1782 to take discovery related to the foreign proceeding.

The question before the court is whether, under 28 U.S.C. § 1782(a), the court may authorize Pacific Enterprise to seek discovery of Samho America, Inc. ("Samho America"), a Washington state corporation and a wholly owned subsidiary of Samho. Such discovery would include taking the deposition of Samho America's president, Bong Woo. Both Samho America and Woo are alleged to

ORDER
Page - 1 -

have been directly involved in the acts complained of in the Korean proceeding.

Section 1782 is designed to provide an efficient means of assistance in federal court to participants in international litigation and to encourage foreign countries to provide similar means of assistance. <u>Application of Esses</u>, 101 F.3d 873, 876 (2d Cir. 1996). The basic requirements for invoking Section 1782[1] are: (1) that the person from whom discovery is sought resides or can be found in the district of the district court to which the application is made, (2) that the discovery be obtained for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or "any interested person." <u>In re Application of Gianoli Aldunate</u>, 3 F.3d 54, 58 (2d Cir.1993).

Samho America, who has filed a brief opposing Pacific Enterprise's request for discovery, appears to concede that these

---

[1]Section 1782(a) reads in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

ORDER
Page - 2 -

three factors are satisfied in this case. That is, it is undisputed that (1) Samho America and its president, Bong Woo, reside in this district; (2) the discovery sought is for use in a proceeding before a foreign tribunal; and (3) that the request is made by an interested party.

Instead, Samho America opposes the request by arguing that authorizing discovery would be offensive to the Korean court, that depositions are not provided for in Korea, and that Pacific Enterprise has not demonstrated the relevance of this discovery to the foreign proceeding. None of these arguments is persuasive. First, courts have recognized that "[t]here is no reason to assume that because a country has not adopted a particular discovery procedure, it would take offense to its use." In re Bayer, 146 F.3d 188 (3d Cir. 1998). Here, Samho America contends that the Korean court would be offended by deposition procedures in this country because, in Korea, examination of witnesses is within the sole province of judges. The court finds that fact insufficient reason to assume the Korean court would be offended by the discovery methods employed here.[2] Furthermore, the Ninth Circuit has recently held that a party seeking discovery under Section 1782 need not show that the information it seeks through

---

[2] Moreover, Pacific Enterprise has submitted the declaration of an active Korean attorney involved in this case, who requests that this deposition go forward. See Yoo Decl. ¶¶ 4-7. While not determinative, the court takes notice that such a request would not likely be made if such discovery were likely to offend the Korean court.

ORDER
Page - 3 -

discovery is discoverable in the foreign proceeding.[3] See Advanced Micro Devices, Inc. v. Intel Corp., 292 F.3d 664, 669 (9th Cir. 2002) ("We find nothing in the plain language or legislative history of Section 1782 . . . to require a threshold showing on the party seeking discovery that what is sought be discoverable in the foreign proceeding.").

Next, Samho America's argument that Pacific Enterprise has not demonstrated that it is seeking the discovery of relevant evidence is unconvincing. Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Pacific Enterprise has alleged that Samho America, and specifically Mr. Woo, played a role in the actions giving rise to the Korean litigation. That these allegations are made "on information and belief" does not lessen their potential relevance.

One final matter is Samho America's assertion that Pacific Enterprise violated Federal Rules of Civil Procedure 4 and 5 by not serving Samho Ltd. with this motion and lawsuit. This issue is meritless inasmuch as Pacific Enterprise has complied with the notice requirement incorporated into Section 1782. Section 1782(a) provides that: "To the extent that the order does not

---

[3] Samho America's attempts to weaken the Ninth Circuit's holding by asserting that the court followed the minority rule and characterizing the opinion as that of only a "three-judge" panel is fruitless. Advanced Micro Devices is the law of this circuit, and this court is bound by it.

ORDER
Page - 4 -

prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." The relevant Federal Rule for present purposes is Rule 30(b)(1), which requires that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." While Samho Ltd. has responded to this motion through its subsidiary Samho America, it cannot rightly claim that it has no notice of Pacific Enterprise's requests.

## CONCLUSION

For the foregoing reasons, the motion for leave to take discovery [doc. no. 2-1] is GRANTED.[4]

DATED at Seattle, Washington this 1st day of November, 2002.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[4] It appears from Pacific Enterprise's request that the scope of the discovery sought in this district is not wide-ranging. Should any disputes arise, however, over the relevance or extent of discovery sought, the parties should raise those issues with the court.

ORDER
Page - 5 -